USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___9/29/22___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x

CHRISTOPHER GROSS, *as an individual*
*and on behalf of others similarly situated*,

          **Plaintiff,**

        **-against-**

LOANCARE LLC *and* CIT BANK N.A. *d/b/a*
ONEWEST BANK FSB, *a subsidiary of* CIT
GROUP INC.,

          **Defendants.**

-------------------------------------------------------------- x

**1:21-CV-5589 (ALC)**

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Christopher Gross, individually and on behalf of all others similarly situated,

brings this action against LoanCare LLC ("LoanCare") and CIT Bank N.A. d/b/a OneWest Bank

FSB ("CIT" or "OneWest") asserting violations of the Fair Debt Collection Practices Act, 15

U.S.C. § 1692, *et seq*. ("FDCPA") and New York General Business Law § 349, *et seq*. CIT and

LoanCare ("Defendants") filed motions to dismiss Plaintiff's complaint. For the reasons set forth

below, Defendants' motions are **GRANTED**.

**BACKGROUND[1]**

**I.     Factual Background**

On August 22, 2007, Plaintiff made an application to obtain a home equity line of credit

("HELOC") in the principal amount of one hundred thousand dollars ($100,000.00) from IndyMac

Bank, FSB ("IndyMac"). ECF No. 1 ("Compl."). The HELOC was recorded on September 20,

2007, with the New York City Department of Finance, Office of the City Register, CRFN#

---

[1] When determining whether to dismiss a case, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). Pursuant to that standard, this recitation of facts is based on Plaintiff's complaint. *See* ECF No. 1.

2007000483547. Compl. ¶ 24; ECF No. 27 Ex. A.[2] IndyMac suffered significantly during the 2008 financial crisis and the Office of Thrift Supervision ("OTS") appointed the Federal Deposit Insurance Corporation ("FDIC") as conservator of IndyMac Federal Bank, a newly chartered FDIC-insured business. On March 9, 2009, as conservator of IndyMac's assets, the FDIC sold the assets to OneWest, a division of CIT.[3] The assignment of Plaintiff's HELOC from FDIC to OneWest was recorded with the Queens County Registry on March 15, 2020. Compl. ¶¶ 25-26; ECF No. 27 Ex. B.[4]

On April 14, 2017, Plaintiff sent CIT a Qualified Written Request under Section 6 of the Real Estate Settlement Procedures Act, requesting specific itemized information about the accounting and servicing of the HELOC. Compl. ¶ 28. CIT responded to Plaintiff's request by forwarding copies of a breakdown of corporate advance fees on the account, the original HELOC agreement, loan history, customer account activity, various invoices, the appraisal, the appraisal report, and a letter. Compl. ¶ 29. After this point, Plaintiff solely communicated with LoanCare.

LoanCare sent Plaintiff a letter dated March 21, 2018, entitled "Notice of Servicing Transfer of Home Equity Line of Credit", informing him that LoanCare would be sub-servicing his HELOC. Compl. ¶ 31. On April 18, 2018, Plaintiff sent LoanCare a validation of debt request pursuant to the FDCPA, a request for loan information pursuant to Regulation X of the Mortgage

---

[2] CIT submitted a request for judicial notice in support of its motion to dismiss. *See* ECF No. 27. Plaintiff argues that judicial notice of the documents CIT provided is not appropriate for a motion to dismiss. *See* ECF No. 32 at 11. The Court disagrees and considers the documents as the complaint relies heavily on their effect. *See Chambers v. Time Warner*, 282 F.3d 147, 153 (2d Cir. 2002); *see also Int'l Audiotext Network v. American Tel. and Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 2002) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss.").

[3] Plaintiff does not concede that CIT owns Plaintiff's HELOC. *See e.g.*, ECF No. 32 at 10 ("[I]t has clearly not at all been established that CIT is or was the owner of Plaintiff's debt").

[4] CIT's Request for Judicial Notice in Support of Defendant's Motion to Dismiss incorrectly labeled Exhibit B as the original recording of the HELOC, however Exhibit B is the assignment of the HELOC from the FDIC to OneWest. *See* ECF No. 27.

Servicing Act, and a request for the payoff balance on the HELOC pursuant to Regulation Z of the Mortgage Servicing Act. Compl. ¶ 33. On June 4, 2018, LoanCare responded to Plaintiff's requests by forwarding copies of its March 21, 2018 letter, a consumer authorization form for automatic payments, and the original HELOC agreements. Compl. ¶ 34. On October 1, 2019, Plaintiff sent LoanCare another request for information related to its servicing of the HELOC. Compl. ¶ 36. LoanCare responded on October 7, 2019, stating that the current owner of the HELOC is CIT Bank, N.A. ECF No. 24 Ex. 6; Compl. ¶ 37. On June 8, 2020, Plaintiff sent LoanCare another validation of debt request and another request for the payoff balance. Compl. ¶ 39. LoanCare responded on June 29, 2020, by forwarding copies of the "Notice of Servicing Transfer", the original HELOC agreement, loan history, account history (from 2018 to 2020), and a payoff statement. Compl. ¶ 40.

Plaintiff retained counsel and notified LoanCare in January 2021. Compl. ¶¶ 42–43. On February 19, 2021, after Plaintiff was represented by counsel, LoanCare sent Plaintiff a letter notifying Plaintiff that LoanCare needed additional time to fully address Plaintiff's concerns and to expect a response in 15 days. ECF No. 24 Ex. 10; Compl. ¶ 44.

## II.    Procedural Background

Plaintiff commenced this action on June 28, 2021. Compl. ¶¶ 42–43. Plaintiff alleges that Defendants' conduct violates the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) and New York General Business Law § 349(a) due to representations made by the Defendants that are allegedly abusive, false, confusing, misleading, deceptive, and unfair. Compl. ¶¶ 60, 62. Defendants CIT and LoanCare filed separate motions to dismiss on December 30, 2021. ECF Nos. 24–25. Plaintiff filed his oppositions to Defendants' motions to dismiss on February 11, 2022. ECF Nos. 32–33. LoanCare and CIT submitted replies in further support of their motions on March

15, 2022, and March 29, 2022, respectively. ECF Nos. 36–37. Defendants' motions to dismiss are deemed fully briefed.

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal citations and quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [,] [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

## DISCUSSION

### I.   FDCPA Claims

#### A.   Statute of Limitations

Actions brought under the FDCPA "may be brought in any appropriate United States district court . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiff commenced this action on June 28, 2021, therefore, the only two letters within the relevant time period are LoanCare's June 29, 2020 response to Plaintiff's inquiry and LoanCare's February 19, 2021 request for additional time to complete Plaintiff's request. The Court considers the alleged FDCPA violations in relation to these two letters within the statute of

4

limitations. *See Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015) ("Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint."). Further, Plaintiff concedes that the June 29, 2020 and February 19, 2021 letters are the only letters in dispute. *See* Pl.'s Opp'n Br. at 2, ECF No. 19.

### B. FDCPA Claims Against Defendant CIT

First, the Court addresses Plaintiff's FDCPA claims against CIT. The FDCPA prescribes behavior by debt collectors and CIT is a creditor, not a debtor, per the terms of the FDCPA. Therefore, CIT cannot be liable under the FDCPA.

A violation under the FDCPA requires that "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Plummer v. Atlantic Credit & Fin. Inc.*, 66 F.Supp. 3d 484, 488 (S.D.N.Y 2014). An entity is a debt collector if (1) "the principal purpose of [using interstate commerce] is the collection of any debts", or (2) if [the entity] "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

CIT is plainly not a debt collector under the second prong. The debt in question is due to CIT itself, and not owed to another entity. *See Henson v. Santander Consumer USA Inc.*, 137 S.Ct. 1718, 1721 (2017) (holding that individuals and entities who regularly purchase debts originated by someone else and then seek to collect those debts for their own account are not "debt collectors" pursuant to the FDCPA). Thus, assuming that CIT is attempting to collect a debt from Plaintiff, CIT still would not be liable under the statute because it is acting as a creditor. *See Rutty v. Krimko*, 789 F. App'x 916, 917 (2d Cir. 2020) ("Thus, creditors—entities that 'purchase a debt and then

try to collect it'—are not debt collectors within the meaning of the statute because they seek to collect a debt that they own." (citations omitted)).

However, Plaintiff asserts that CIT is debt collector because its activities fall under the first prong: CIT's "principal purpose" is the collection of debts. *See* ECF No. 17 at 2. The Ninth Circuit recently examined the principal purpose prong, and stated that "the relevant question in assessing a business's principal purpose is whether debt collection is incidental to the business's objectives or whether it is the business's dominant, or principal, objective." *McAdory v. M.N.S. & Associates, LLC*, 952 F.3d 1089, 1093 (9th Cir. 2020); *see also Barbato v. Greystone Alliance, LLC*, 916 F.3d 260, 267 (3d Cir. 2019). CIT's principal purpose is not debt collection. CIT is a financial services conglomerate that provides many other services such as personal banking and commercial financing, in addition to mortgage loans. Plaintiff merely recites the FDCPA's definition of a "debt collector" in his complaint and does not allege any facts to support the allegation that CIT's principal purpose is debt collection. *See* Compl. ¶ 16. Accordingly, the FDCPA claims against CIT are dismissed because CIT is not a debt collector under the FDCPA.

### C.  FDCPA Claims Against Defendant LoanCare

Defendants dispute that the letters sent to Plaintiff on June 29, 2020 and February 19, 2021 are "in connection with the collection of a debt" as required by the statute. 15 U.S.C. § 1692c(a). The Court agrees that the February 19, 2021 letter is not covered by the statute, but the Court declines to find at this stage that the June 29, 2020 letter is not in connection with the collection of a debt.

The Second Circuit has held that the question of whether a communication is "in connection with the collection of a debt" is a question of fact to be determined objectively, asking whether "a consumer receiving a letter could reasonably understand it to be a communication in connection with the collection of a debt." *Hart v. FCI Lender Servs.*, 797 F.3d 219, 225 (2d. Cir

2015). "The question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). The Second Circuit also identified the following factors as indicative that a communication was sent in connection with the collection of a debt: "(1) the letter directed the recipient to mail payments to a specified address, (2) the letter referred to the FDCPA by name, (3) the letter informed the recipient that he had to dispute the debt's validity within thirty days, and (4) most importantly, the letter emphatically announce[d] itself as an attempt at debt collection . . . ." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 215 (2d Cir. 2017) (internal quotation marks and citations omitted).

Defendant's letter to Plaintiff on February 19, 2021 is not considered "in connection with the collection of a debt." The letter is a request for more time to answer Plaintiff's inquiry. *See* Def. LoanCare's Br. Ex. 8, ECF No. 24 ("We have received your written inquiry. Due to the nature of your request, we will need additional time to fully address your concerns."). The letter does not have any of the four factors outlined above and does not even mention debt collection, collecting payments, a delinquent account, or any other signifier that the letter is related to debt collection. The letter was simply a response to Plaintiff's January communication. Imposing FDCPA liability based on a ministerial response to a debtor after the debtor initiated communication "would run counter to the statute's primary purpose and would impose liability in circumstances not contemplated by either the statute or the legislature." *Carlin*, 852 F.3d at 214.

Defendant's letter to Plaintiff on June 29, 2020 states, "LoanCare performs a variety of tasks on the servicer's behalf, including, but not limited to, collecting payments" and "the account is currently due for the November 27, 2012, to June 27, 2020, payments." Def. LoanCare's Br. Ex.

8, ECF No. 24. The letter does not have any of the above four factors; however, this letter could be reasonably understood by the least sophisticated consumer to be "in connection with the collection of a debt" because the letter states that LoanCare collects payments and highlights that payments are currently due.

Thus, the Court analyzes Plaintiff's FDCPA claims against LoanCare solely based on the letter sent to Plaintiff on June 29, 2020.

### D. Individual FDCPA Claims Against LoanCare

#### 1. Violation of 15 U.S.C. § 1692c(a)(2)

A debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt. 15 U.S.C. § 1692c(a)(2). The letter sent to plaintiff on June 29, 2020, the only letter in dispute, was sent prior to Plaintiff retaining counsel. This claim must be dismissed.

#### 2. Violation of 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d. Plaintiff argues that he was harassed because "defendants demanded money from the Plaintiff with the knowledge that the chain of title was never established." Compl. ¶ 74. This claim must be dismissed.

Examples of harassment in the FDCPA context are: (1) the use or threat of violence, (2) the use of obscene or profane language, (3) the publication of a list of consumers who allegedly refuse to pay debts, (4) the advertisement for sale of any debt to coerce payment, (5) causing a telephone to ring or engaging any person in telephone conversation repeatedly, and (6) the placement of telephone calls without disclosure of the caller's identity. 15 U.S.C. § 1692d(1)-(6).

8

The June 29, 2020 letter does not contain any of these elements. Rather, this letter merely served to validate the debt upon Plaintiff's request. The letter explains that LoanCare acquired the servicing of the loan in 2018 and states that the current owner of the loan is CIT. Enclosed with the letter were "a copy of the August 22, 2007 HELOC note, the recorded Credit Line Mortgage, and a life of loan transaction history that accurately reports the receipt and application of all payments received." *See* Def. LoanCare's Br., ECF No. 24 Ex. 8. Plaintiff alleges no facts that demonstrate harassment. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Therefore, this cause of action must be dismissed.

### 3.  Violation of 15 U.S.C. § 1692e-f.

A debt collector may not use any false, deceptive, misleading, unfair or unconscionable representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e-f. Plaintiff alleges that LoanCare violated 15 U.S.C. § 1692e-f because Defendants demanded money from Plaintiff with the knowledge that the chain of title was never established, and thus Defendants knew that they did not have the authority to collect money from Plaintiff. Compl. ¶¶ 82, 108.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff asks the court to find Defendants LoanCare and CIT liable pursuant to the FDCPA based on conclusory statements that the HELOC Plaintiff received from IndyMac in 2007 is fraudulent due to securitization of the loan and inadequate transfer of title. These claims are not supported by factual evidence and Plaintiff's own statements contradict this argument. Plaintiff acknowledges that the HELOC was initially recorded with the NYC Department of Finance in 2007, assigned to OneWest in 2010, and recorded by the Queens County Registry

Office. Compl ¶¶ 24-25. The recording of the HELOC and the subsequent transfer, both acknowledged by Plaintiff, bolster the claim that CIT correctly owns the title to Plaintiff's HELOC. These claims do not plead factual content, do not pass muster, and must be dismissed.

## II.   New York General Business Law Claims

Section 349 of the New York General Business Law makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law. § 349(a). "To maintain a cause of action under § 349, a plaintiff must show: (1) that the defendant's conduct is 'consumer-oriented'; (2) that the defendant is engaged in a 'deceptive act or practice'; and (3) that the plaintiff was injured by this practice." *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010). "The conduct need not be repetitive or recurring, but the defendant's acts or practices must have a broad impact on consumers at large; private contract disputes unique to the parties . . . would not fall within the ambit of the statute." *N.Y.U. v. Cont'l Ins. Co.*, 662 N.E.2d 763, 770 (N.Y. 1995) (cleaned up).

Additionally, pursuant to Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To comply with Rule 9(b), a complaint alleging consumer fraud under New York law must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (internal citations and quotation marks omitted). "A statement is 'fraudulent' if it was falsely made, or caused to be made, with the intent to deceive." *United States v. Sabbeth*, 262 F.3d 207, 217 (2d Cir. 2001) (internal citations and quotations omitted).

Plaintiff alleges that Defendants are liable pursuant to NY GBL § 349(a) because the HELOC Plaintiff received from IndyMac in 2007 was allegedly invalid, and therefore LoanCare, acting on CIT's behalf, does not have the authority to collect payments. However, Plaintiff's fraud claims do not show that Defendants engaged in a "deceptive act or practice" to satisfy the heightened pleading standard imposed by Rule 9(b). Plaintiff fails to explain how Defendants' specific conduct and practices were fraudulent, and instead alleges that the securitization of loans, a common occurrence, is a fraudulent practice. This does not suffice.

Accordingly, the Court dismisses the cause of action under Section 349 of the New York General Business Law.

## CONCLUSION

For the reasons herein, Defendants' motions to dismiss are **GRANTED** and Plaintiff's Complaint is dismissed. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 24 and 25, and close this case.

**SO ORDERED.**

**Dated:**      **New York, New York**
         **September 29, 2022**

                                         **ANDREW L. CARTER, JR.**
                                         **United States District Judge**